IDA A. BRADFORD, ADMINISTRATRIX, APPELLANT, V.
ARCHER EKE ET AL., APPELLEES.

FILED MAY 18, 1897.    No. 7273.

Review: EVIDENCE. The record presents no question of law. Evidence
examined, and *held* to sustain the finding of the district court.

APPEAL from the district court of Douglas county.
Heard below before AMBROSE, J.  *Affirmed.*

*Montgomery & Hall,* for appellant.

*Wright & Thomas, Will H. Thompson,* and *Howard B.
Smith, contra.*

RAGAN, C.

Louis Bradford brought this suit in the district court
of Douglas county against Archer Eke and others to fore-
close a lien which Bradford claimed he had acquired on
certain real estate of Eke's by reason of materials fur-
nished him under a verbal contract for the erection of
some houses on said real estate.  A number of persons
holding mortgages on the real estate were made defend-
ants to the action, and filed cross-petitions therein claim-
ing that their mortgages were liens upon the real estate
prior to the mechanic's lien claimed by Bradford.  Pend-
ing the suit Bradford died and the action was revived in
the name of Ida A. Bradford, his administratrix.  From
the decree rendered the administratrix has appealed.

The property of Eke was lot 3 and the south 80 feet of
lot 4, in block 6, Improvement Association Addition to
the city of Omaha.  The property lies in the form of an
L at the corner of Nineteenth and Dorcas streets, in said
city.  Lot 3 faces north on Dorcas street, and the south
80 feet of lot 4 faces west on Nineteenth street.  Eke
built four houses upon this property,—three of them
upon said lot 3, and one upon said lot 4.  He purchased
the lumber which went into these houses of Bradford.

and Bradford claims that all material was furnished for all these houses in pursuance of a verbal contract made between him and Eke on the 25th of August, 1890. Bradford, on the 13th of June, 1891, filed his verified account of the items of material furnished, claiming a lien upon the property. The district court found that Bradford was not entitled to any lien whatever for the material furnished for erecting the three houses on said lot 3; that he was entitled to a lien upon the house and the land upon which it was situate built on lot 4; but that such lien was subject to the mortgage of the appellee Whitney, recorded October 25, 1890.

The record presents no question of law. It is insisted with much earnestness by counsel for appellant that the finding of the district court is not supported by sufficient evidence; but, after a careful examination of the evidence, we think it supports the finding of the district court. The evidence is not entirely clear and satisfactory, but we think it is sufficient to warrant the conclusion of the court that the last item of material furnished by Bradford towards the construction of the houses which were erected on lot 3 was furnished more than four months prior to the 13th day of June, 1891; and that the first of the material which went into the house on lot 4 was furnished after the recording of the appellee Whitney's mortgage. The district court found that the material was furnished by Bradford to Eke in pursuance of four separate contracts between the parties, one contract for each house. We agree with counsel for appellant that the evidence does not warrant that particular finding, but rather that in August, 1890, Eke made the contract with Bradford under and by which the latter furnished all the material which went into the construction of three houses on lot 3, and that about January, 1891, the contract was made between Eke and Bradford in pursuance of which the latter furnished the material which went into the house on lot 4. The decree of the district court is

AFFIRMED.